UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

    Plaintiff,

v.                                      Case No. 5:15cv323-MP/CJK

JULIE L. JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on the filing of plaintiff's amended civil rights complaint. (Doc. 9). Upon review of plaintiff's amended complaint, the undersigned concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process. Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Northwest Florida Reception Center ("NWFRC"). Plaintiff's amended complaint names three defendants: Julie Jones, Secretary of the FDOC; D. Maddox, Warden of NWFRC; and S. Rightenburg, a grievance coordinator at NWFRC. (Doc. 9, p. 1-2). Plaintiff claims the defendants violated his constitutional rights by interfering with his legal mail. (Doc. 9).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"[1] (Doc. 9, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). The form then directs plaintiff: "If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below." (*Id.*). In response to

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action. In response to Question (B), plaintiff disclosed Northern District of Florida Case No. 5:14cv271-WS/CJK. (Doc. 9, p. 3).

Case No. 5:15cv323-MP/CJK

this question, plaintiff disclosed a case pending in Florida's Second District Court of Appeal. (*Id.*). At the end of plaintiff's present civil rights complaint, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id.*, p. 21). Thus, plaintiff has in effect stated that at the time he filed his present complaint, he had filed only one other case in federal court (Case No. 5:14cv271-MP/CJK). Plaintiff's amended complaint was signed and submitted to prison officials for mailing on February 22, 2016. (*Id.*).

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 5:15cv323-MP/CJK

claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed his complaint in this case, plaintiff had initiated one other action that required disclosure: *Wheeler v. Johnson*, Northern District of Florida Case No. 5:15cv232-MP/GRJ, a civil rights action alleging correctional officers at NWFRC violated plaintiff's constitutional rights by depriving him of meals. That case is recent, ongoing, and may be positively identified as having been filed by plaintiff because it bears his FDOC inmate number, DC #046120. Plaintiff did not disclose this prior federal action despite the complaint form's clear instructions to disclose all federal actions he had filed."[3] (Doc. 9, p. 4).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners:

---

[3] Plaintiff did not disclose Case No. 5:15cv232-MP/GRJ on his initial complaint. (Doc. 1, p. 5-7).

Case No. 5:15cv323-MP/CJK

"FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[4] (Doc. 9, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300/RS/EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for plaintiff's abuse of the judicial process.

---

[4] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 5:15cv323-MP/CJK

    2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of March, 2016.

        /s/ *Charles J. Kahn, Jr.*
        **CHARLES J. KAHN, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 5:15cv323-MP/CJK